CHARLES D. BRYANT and others

*vs.*

COUNTY COMMISSIONERS OF PENOBSCOT COUNTY.

Penobscot.    Opinion February 18, 1887.

*Ways.    Appeal from county commissioners.    Committee.*

A committee appointed by the Supreme Judicial Court, on appeal from the doings of the county commissioners, has only to determine and report whether common convenience and necessity require that the doings of the commissioners shall be affirmed, or reversed, in whole or in part.

Such committee is not to determine whether or not the doings of the commissioners have been legal.

A petition for a way, which names the termini and the general course of the route sufficiently plain to answer all practical purposes, is good.

If the location of a way conform substantially with the route described in the petition, though neither end reaches to the terminus fixed in the petition, it is valid.

ON exceptions to the ruling of the court in accepting the report of a majority of the committee appointed by the court on an appeal from the decision of the county commissioners, as reversing the judgment of the commissioners.

*Wilson and Woodward*, for the appellants.

The appeal opens to the consideration of the committee the whole question which was before the county commissioners. *Winslow* v. *Co. Com.* 31 Maine, 444.

The whole question before the county commissioners was, whether or not the way should be located, as prayed for in the petition. *Hodgdon* v. *Co. Com.* 72 Maine, 246.

The county commissioners can have jurisdiction in a particular case in which they are called upon to act, only by the existence of those preliminary facts which confer it, and, of course, the existence of those facts they must find. *Hayford* v. *Co. Com.* 78 Maine 153.

And the whole question which was before the county commissioners, being before the committee, the committee must also find the existence of these jurisdictional facts, and hence there was before the committee something more than the question of

" common convenience and necessity," and the theory upon which the exceptions are based fails. That the committee must adjudicate upon the existence of vital jurisdictional facts clearly appears from *Goodwin* v. *Co. Com.* 60 Maine, 328; *Shattuck* v. *Co. Com.* 73 Maine, 318; S. C. 76 Maine, 167; and *Acton* v. *Co. Com.* 77 Maine, 131, are all cases wherein the court have expressly held that other questions besides that of "common convenience and necessity" should be considered by such a committee.

It may be urged that the language of the court in *Irving* v. *Co. Com.* 59 Maine, 513, sustains the theory upon which these exceptions are based. That language is that " the judgment of the appellate court is that public convenience and necessity do require the road as prayed for."

Every objection that could be urged on a petition for certiorari against the proceedings resulting in the judgment of the county commissioners in making the location, may be as effectually made on this appeal. *Goodwin* v. *Co. Com.* 60 Maine, 328; *Hodgdon* v. *Co. Com.* 68 Maine, 226.

In *Cushing* v. *Gay*, 23 Maine, 9, the error complained of was " that the termini of the road as laid are not the same as designated in the petition." The answer made to it was that it was not proved that the termini were different and nothing appeared to so show, and that the court could presume their substantial identity.

In *Windham* v. *County Com.* 26 Maine, 406, a ground relied upon was, " that the way was not located according to the prayer of the petition to the county commissioners." On this point the court said : "It is not necessary that the commissioners should describe the way located in the same language used in the petition, provided there is a substantial compliance therewith. . . . . There is nothing showing that the way was not laid out as prayed for, and by the record it is to be understood that there was not a departure from the way as prayed for."

In *Orono* v. *Co. Com.* 30 Maine, 302, one of the causes of error assigned was, because it does not appear from the report

of the commissioners that the said highway was located and established as prayed for in the petition of said Jameson *et al.,* but on the contrary that it was not so located and established." As to this, the court said: "There is nothing in the record exhibiting any want of identity."

*Humphreys and Appleton,* for the appellees, cited: *Cyr* v. *Dufour,* 68 Maine, 492; *Moore's Appeal,* 68 Maine, 407; *Irving* v. *Co. °Com.* 59 Maine, 515; *Shattuck* v. *Co. Com.* 76 Maine, 171; *Inhabs. of Brunswick,* Appellants, 37 Maine, 450.

HASKELL, J. Two of the committee join in a report, "that the judgment of the county commissioners . . in laying out said way should be wholly reversed, for the reason that in our judgment the proceedings in laying out said way, or road, are entirely illegal and void;" and the third member reported in substance that the judgment of the county commissioners should be wholly affirmed.

A majority of the committee may determine the questions submitted to them; R. S., c. 1, § 6, rule III. The majority report does determine that the judgment of the commissioners in laying out the road shall be reversed, but upon specific grounds, viz., illegal procedure. Does that reason warrant their decision, and if not, is the decision conclusive upon the court? Substantial justice requires that it should not be. Whether the proceedings of the commissioners were legal or not is a question of law for this court to decide, either upon *certiorari,* or upon acceptance of the report of the committee, regardless of their views upon the question. *Goodwin* v. *Co. Commissioners,* 60 Maine, 328.

The petition asks for a road leading from Stacyville to Medway, beginning at a point in a specified road in Stacyville, near the home of S. R. Mitchell, thence across specified townships to the east branch of the Penobscot river, thence southerly on the east side of that branch across township No. 1, Range 7, and across the corner of A, Range 7, connecting with the Medway road near the house of John A. Hathaway.

The points of beginning and ending are specific, and the general course of the route is sufficiently plain to answer all practical purposes. The petition must be sufficiently specific to give information of what is desired, and should not be too critically judged of, especially when the termini are plainly stated to be at fixed points. *Windham* v. *Co. Commissioners*, 26 Maine, 409 ; *Sumner* v. *Co. Commissioners*, 37 Maine, 112 ;. *Ragmond* v. *Co. Commissioners*, 63 Maine, 112. Nor does. the case of *Hayford* v. *Co. Commissioners*, 78 Maine, 153,. conflict with this view. In that case, one terminus was not. fixed within ten miles. The petition in this case is sufficient.

Nor is the location made by the commissioners invalid. It. need only substantially conform to the route described in the· petition. It appears to have been so laid ; but it is said that neither end reaches the terminus fixed in the petition, but that. both ends stop short of these points. That is no legal objection. It amounts to a location between the points fixed by the com-- missioners on the route petitioned for, and a refusal to lay out. the residue. *Winslow* v. *Co. Commissioners*, 31 Maine, 444 ; *Harkness* v. *Co. Commissioners*, 26 Maine, 353. It does not. invalidate the location, but it may be a good ground for appeal to be considered by the committee in determining whether· common convenience and necessity requires a location of the· road prayed for. The committee may reverse the action of the· commissioners in refusing to lay out a part of the way prayed. for, and affirm the residue of their judgment.

Common convenience and necessity is a fact for the committee· to decide in determining whether the doings of the commissioners. shall be affirmed or reversed, in whole or in part. In determin- ing that fact, the committee must consider the location as actually made by the commissioners, and if the way located by them has not proper connections, termini, so as to make it convenient for public use, and the fault can not be corrected by the committee under the petition, that may be a good reason for reversing the location. The committee, as they find " the convenience and necessity " to be, must either affirm or reverse the doings of the commissioners, in whole or in part, and that

is their whole duty. *Brunswick* v. *Co. Commissioners*, 37 Maine, 446; *Hodgdon* v. *Co. Commissioners*, 72 Maine, 246; *Shattuck* v. *Co. Commissioners*, 76 Maine, 167.

The report of the committee can only be accepted, rejected, or recommitted for the correction of some manifest error of the committee. The majority report in this case plainly shows that the committee based their action upon their own view of the law, which was erroneous, and did not determine those questions with which the law charged them.

That the committee may determine whether common convenience and necessity required the location of the way prayed for, and as their judgment may be, report whether the judgment of the commissioners shall be affirmed or reversed, in whole or in part, the report must be recommitted. *Shattuck* v. *Co. Commissioners, supra.*

> *Exceptions sustained. Report recommitted with instructions to follow this opinion.*

PETERS, C. J., WALTON, DANFORTH, EMERY and FOSTER, JJ., concurred.